PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure and the Florida Rules of Appellate Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
In J.B. v. Florida Department of Children and Families, 170 So.3d 780, 794-95 (Fla. 2015), this Court provided interim procedures to be followed in bringing claims of ineffective assistance of counsel following the termination of parental rights. In October 2015, the Chief Justice appointed the Select Committee on Claims of Ineffective Assistance of Counsel in Termination of Parental Rights Proceedings (Select Committee) and directed it to work with the Appellate Court Rules Committee (ACRC), and the Juvenile Court Rules Committee (JCRC) to create the permanent process for raising such claims and develop proposed rules for adoption by the Court. The Select Committee included four JCRC members and six ACRC members. The Select Committee had members from the Florida Department of Children and Families; Office of the Attorney General; Legal Needs of Children Committee; Guardian Ad Litem; Florida Children First; Criminal Conflict and Civil Regional Counsel; as well as private criminal and civil practitioners. Based on the decision in J.B., the Select Committee drafted rules, which a majority of that committee favor, that are narrowly tailored to provide an ineffective assistance of court-appointed counsel claim for indigent parents in termination of parental rights cases. The JCRC, by a vote of 17-4-3, favored broader rules that would apply to all counsel for all parents in such cases. The ACRC unanimously adopted the Select Committee’s proposed amendments to Florida Rule of Appellate Procedure 9.146. But, twenty-four ACRC members would support the broader rules favored by the JCRC.
The Select Committee, the ACRC, and the JCRC have now filed their joint report offering two sets of rules for raising claims of ineffective assistance of counsel in termination of parental rights proceedings. The first set is narrow in scope (narrow version) and applies only to court-appointed counsel for indigent parents. The second set of rules is broader in scope (broad version) and applies to all counsel for all parents. The narrow version is favored by the Select Committee. The broad version is favored by the JCRC. The ACRC approved both versions of Rule 9.146. The Florida Bar Board of Governors approved both versions of the rules. The proposed rule amendments were not published prior to being filed with the Court.
After the proposals were filed, the Court published both versions for comment. Six comments were received. Some of the comments supported the broad version of the proposals and other comments supported the narrow version. In their joint response, the Select Committee, the ACRC, and the JCRC recommended several additional or revised rule amendments in response to the comments. Oral argument was heard in this matter on December 7, 2016.
Upon consideration of the joint report, the comments, and the presentations of the participants at oral argument, we adopt the broad version of the proposals, with modifications, as discussed below.
*805 AMENDMENTS
Rule 8.510 (Advisory Hearing and Pretrial Status Conferences) is amended to require, in subdivision (a)(2)(A), that parents be advised of their right to effective counsel in termination of parental rights proceedings.
Rule 8.517 (Withdrawal and Appointment of Attorney) is amended to create a new separate subdivision (b) specifically addressing the withdrawal of an attorney after entry of an order terminating parental rights. Along with the other requirements currently contained in subdivision (a), this new subdivision also requires that a parent’s attorney certify that the attorney has advised the parent of the right to make a claim of ineffective assistance of counsel before the court allows the attorney to withdraw. New subdivision (c) is also added in order to address the appointment of appellate counsel.
Rule 8.525 (Adjudicatory Hearings) is amended to require the court to advise a parent, both orally and in the order terminating parental rights, that he or she has a right to appeal the order terminating parental rights and a right to file a claim of ineffective assistance of counsel. The court must also include in the order terminating parental rights á brief explanation of the procedure for filing a claim of ineffective assistance of counsel.
New Rule 8.530 (Parent’s Motion Claiming Ineffective Assistance of Counsel Following Order Terminating Parental Rights) sets forth the procedure for a parent to file a claim of ineffective assistance of counsel in a termination of parental rights proceeding. Subdivision (a) requires the court to advise a parent of his or her right to appeal and to file a claim of ineffective assistance of counsel. Subdivision (b) requires trial counsel to advise the parent of his or her right to appeal, determine whether the parent elects to appeal, inquire whether the parent intends to file a claim of ineffective assistance of counsel, and if the parent intends to do so, immediately seek to withdraw. Subdivision (c) states that a parent’s motion claiming ineffective assistance of counsel should be filed in the circuit court and that the trial court continues to have jurisdiction to consider a motion claiming ineffective assistance of counsel in a proceeding terminating parental rights even if a notice of appeal has been filed.
Subdivision (d)(1) states that an indigent parent is not entitled to a court-appointed attorney to assist with a motion claiming ineffective assistance of counsel. Subdivision (d)(2) provides that an indigent parent is entitled to appointed counsel in both the trial and appellate court in termination of parental rights proceedings and on appellate review of an order on a motion for ineffective assistance of trial counsel. Subdivision (e) requires a motion claiming ineffective assistance of counsel to be filed within twenty days of the date the court entered the written order terminating parental rights. Subdivision (f) provides that the timely filing of a motion claiming ineffective assistance tolls rendition of the order terminating parental rights until the court enters an order on the motion or for fifty days, whichever occurs first.
Subdivisions (g)(1)—(g)(4) set forth the requirements for the motion claiming ineffective assistance of counsel. Subdivisions (g)(1) and (g)(2) require that the motion be in writing and under oath and contain the case name, case number, and the date the written order terminating parental rights was entered. Subdivision (g)(3) requires that the motion contain the current mailing address, any e-mail address, and the phone number of the parent filing the motion for the purposes of receiving notices and orders.
Subdivision (g)(4) sets forth the required allegations pertaining to the attorney’s al *806 leged ineffectiveness. As proposed, this subdivision would have required the mov-ant to “identify specific acts or omissions in the attorney's representation of the parent during the termination of parental rights proceedings that constituted a failure to provide reasonable, professional assistance and explain how the acts or omissions prejudiced the parent’s case to such an extent that the result would have been different absent the deficient performance.” Comments pertaining to this subdivision suggested that it should be modified to more accurately reflect the standard for granting relief on an ineffective assistance of counsel claim that was adopted in J.B.— i.e., that “but for counsel’s deficient representation the parent’s rights would not have been terminated.” J.B., 170 So.3d at 792. We agree and adopt this subdivision modified accordingly.[1]
Subdivision (h) allows a parent to amend a timely-filed motion within twenty days from the date of the order terminating parental rights without court permission and also allows the court to order a parent to file an amended motion “as provided in this rule.” Subdivision (i) requires the clerk to immediately provide these types of motions and the court file to the judge who entered the order terminating parental rights. Subdivision (j) explains that no answer or responsive pleading is required from any other party in the proceeding. Subdivision (k) requires the parent to serve the motion on all parties to the termination of parental lights proceeding as well as the attorney the parent claims provided ineffective assistance.
Subdivision (l) governs summary denial of a motion. Subdivision (i)(l) requires summary denial within five days of any motion filed after the twenty-day time limit and states that the order is final for purposes of appeal. Subdivision (l )(2) addresses the summary denial of legally insufficient motions. It permits denial of the motion as legally insufficient within five days of filing, defines legal insufficiency, requires the court to set forth in the order the basis for the conclusion that the motion is legally insufficient, and states that if the court does not direct the filing of an amended motion, the order is final for purposes of appeal. Subdivision (m) permits the court to enter an order authorizing the filing of an amended motion.
Subdivision (n) governs evidentiary hearings. Under proposed subdivision (n)(l), if a motion is timely and sufficient, the court is required to conduct an eviden-tiary hearing as expeditiously as possible. Subdivision (n)(2) requires that notice be given to the parties and participants in the termination of parental rights proceeding and to the attorney who is alleged to have provided ineffective assistance. The notice is required to state the issues to be determined and that the moving parent is required to present evidence at the hearing. Subdivision (n)(3) addresses the record'of the adjudicatory hearing in the termination of parental rights proceeding. It allows the court to order an expedited record for review and allows for an electronic recording to be substituted for a transcript of the adjudicatory hearing. This subdivision also requires that if the judge conducting the motion hearing is different than the judge who presided at the termination of parental rights adjudicatory hearing, the expedited record must be ordered. Subdivision (n)(4) explains that the moving parent has the burden of presenting evidence and the burden of proof and allows other parties to present evidence regarding the claims raised in the motion claiming ineffective assistance of counsel. Subdivision (n)(5) requires the *807 court to enter an order on the motion within five days after an evidentiary hearing. Subdivision (n)(5)(A) provides that if the motion is granted, the court must enter an order stating the reasons for granting the motion and vacating the order terminating parental rights without prejudice. The court must also schedule an adjudicatory hearing on the petition for termination of parental rights to take place no later than forty-five days from the date of the order granting the motion and appoint an attorney for the parent, as provided by law. Subdivision (n)(5)(B) states that if the motion is denied, the court must enter an order stating the reasons for the denial, and that the order is the final order for purposes of appeal.
Subdivision (o) states that if the court does not enter a written order on the motion within fifty days from the date the court entered the written order terminating parental rights, the motion is deemed denied with prejudice. Subdivision (p) requires that the order be served on the parties, including the moving parent, within forty-eight hours of rendition of the order, and the order must include a dated certificate of service. Subdivision (q) prohibits the filing of a second or successive motion claiming ineffective assistance of counsel. Subdivision (r) states that any appeals of an order claiming ineffective assistance of counsel in a termination of parental rights proceeding will be governed by Florida Rule of Appellate Procedure 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services).
Form 8.983 is amended to change the title of the form to “Order Involuntarily Terminating Parental Rights” to make it clear that it should be used only for involuntary termination of parental rights. In addition, the notice provisions in the order are amended to advise parents that they have a right to make a claim of ineffective assistance of counsel. The notice provision gives an overview of the requirements and process for making a claim of ineffective assistance of counsel.
New Form 8.9831 (Motion Claiming Ineffective Assistance of Counsel After Order Terminating Parental Rights) is adopted. This form provides a format for the moving parent to follow when drafting a motion claiming ineffective assistance of counsel in a termination of parental rights proceeding. It is meant to ensure that the format and language of the motions are consistent and comprehensible, assist the parent in setting forth the factual basis for making the claim of ineffective assistance of counsel, and expedite the resolution of the motion.
New Form 8.9832 (Order on Motion Claiming Ineffective Assistance of Counsel After Order Terminating Parental Rights) is adopted. The form provides a format for a judge to follow when drafting an order on a motion claiming ineffective assistance of counsel in a termination of parental rights proceeding. The form includes alternative findings and rulings based on the circumstances of the case. In accordance with Rule 8.530 (Parent’s Motion Claiming Ineffective Assistance of Counsel Following Order Terminating Parental Rights), the form allows the trial court to make findings that a motion is untimely, sufficient or insufficient, or whether the. evidence presented at a hearing supports the court vacating the order terminating parental rights due to ineffective assistance of counsel.
Form 8.984 is amended to change the title to “Order Terminating Parental Rights (Voluntary),” for consistency with the other rules and forms, and add language in the notice provisions of the form to advise parents that they have a right to make a claim of ineffective assistance of *808 counsel. The notice provision gives an overview of the requirements and process for making a claim of ineffective assistance of counsel.
Rule 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services) is amended to add new subdivisions (i)(l)-(1)(4) governing appeals from orders involving claims of ineffective assistance of counsel in termination of parental rights proceedings. These new subdivisions (1) acknowledge that a motion claiming ineffective assistance of counsel tolls rendition of an order terminating parental rights; (2) provide, consistent with J.B., that an appeal from an order denying a motion alleging ineffective assistance of counsel must be raised and addressed in the appeal from the order terminating parental rights; (3) require the filing of notice of a timely-filed motion claiming ineffective assistance of counsel in the termination of parental rights proceedings and provide that such notice automatically stays the appeal until the disposition of the motion; (4) require preparation of a supplemental record of the hearing on the motion claiming ineffective assistance of counsel within twenty days; and (5) require the clerk to automatically supplement the record on appeal with the motion, the order, and the transcript from the hearing within five days of the order ruling on the motion or within five days of the filing of the transcript, whichever is later.
These amendments are meant to recognize the priority and expediency given to appeals under Rule 9.146 and this Court’s admonishment in J.B. that ineffective assistance of counsel claims need to be timely processed. Current subdivisions (g)(2)(B) and (g)(2)(C) of the rule require the court reporter to provide a transcript within twenty days of service of the designation to the reporter and require the clerk to transmit the record within five days of the filing of the transcript. Thus, the record of the proceedings prior to the filing of a motion alleging ineffective assistance is likely to be prepared and transmitted to the appellate court prior to expiration of the time limitation within which the trial court must act on the motion. Because the appeal from an order denying a motion alleging the ineffective assistance of counsel must be raised in the appeal from the order terminating parental rights, it will be necessary to supplement the already-prepared record with the proceedings related to the ineffective assistance of counsel motion. Subdivisions (i)(4)(B)-(i)(4)(C) provide the mechanisms to supplement the record with the necessary filings to enable appellate review of the trial court’s ruling on the motion alleging ineffective assistance of counsel, while ensuring that the appeal is timely processed.
CONCLUSION
Accordingly, the Florida Rules of Juvenile Procedure and forms and the Florida Appellate Rules of Procedure are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring. Deleted language is shown in struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon release of this opinion.
It is so ordered.
LABARGA, C.J., and LEWIS, QUINCE, and CANADY, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.
LAWSON, J., did not participate.

. This modification is also made in subdivisions (Z )(2), (n)(4), and (n)(5)(A) and (B). Similar modifications are made in Forms 8.983, 8.9832, and 8.984.